The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MURRAY, KENIA

## DEFENDANTS
ABINGTON MEMORIAL HOSPITAL, INC. and ABINGTON JEFFERSON HEALTH

**(b)** County of Residence of First Listed Plaintiff　**PHILADELPHIA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant　**MONTGOMERY**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Marc A. Weinberg, Esquire, Saffren & Weinberg, 815 Greenwood Avenue, Ste. 22, Jenkintown, PA 19046;

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☒ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. Section 2601
Brief description of cause:
Violation of Family Medical Leave Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____　DOCKET NUMBER _____

DATE: 9-16-24
SIGNATURE OF ATTORNEY OF RECORD
Marc A. Weinberg, Esquire　/s/

**FOR OFFICE USE ONLY**

RECEIPT # _____　AMOUNT _____　APPLYING IFP _____　JUDGE _____　MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __516 Parnell Place, Philadelphia, PA  19144__

Address of Defendant: __1245 Highland Avenue, Suite 401, Abington, PA  19001__

Place of Accident, Incident or Transaction: __1200 Old York Road, Abington, PA  19001__

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [ ] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __9.16.24__   _____   __60643__
                     *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

**A.**  *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [✓] All other Federal Question Cases
    *(Please specify):* __Family Medical Leave Act__

**B.**  *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* ____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
   *(Please specify):* ____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Marc A. Weinberg, Esquire__, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __9.16.24__   _____   __60643__
                     *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENIA MURRAY<br>516 Parnell Place<br>Philadelphia, PA 19144<br>                    Plaintiff,<br>v.<br><br>ABINGTON MEMORIAL HOSPITAL, INC.<br>1245 Highland Avenue, Suite 401<br>Abington, PA  19001<br>                    and<br>ABINGTON JEFFERSON HEALTH<br>1245 Highland Avenue, Suite 401<br>Abington, PA  19001<br>                    Defendants. | CIVIL ACTION<br><br>JURY TRIAL DEMANDED<br><br>NO.: |

## COMPLAINT

### I.   PRELIMINARY STATEMENT

1. Plaintiff, Kenia Murray (hereinafter "Plaintiff"), brings this action under the Family Medical Leave Act, 29 U.S.C. §2601, *et seq.* (hereinafter "FMLA"). Plaintiff seeks equitable relief, compensatory damages, costs and attorney fees from Defendants, for Defendants' discriminatory practices and other tortuous actions.

### II.   THE PARTIES

2. Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania residing at the above-captioned address.

3. Upon information and belief, Defendants, Abington Memorial Hospital, Inc. and Abington Jefferson Health, are Pennsylvania corporations, or businesses, partnerships or other recognized business entities that maintain a principal place of business at the above-captioned

addresses and is currently licensed and authorized to perform medical related services in the Commonwealth of Pennsylvania.

4. At all times material hereto, Defendants acted individually, and/or through their agents, representatives, servants and/or employees, ostensibly or otherwise, who were then and thereafter engaged in Defendants' business and acting within the course and scope of their agency, servitude and/or employment on behalf of Defendants.

5. At all times material hereto, the conduct of Defendants as enumerated within this Complaint occurred within the Commonwealth of Pennsylvania.

### III. JURISDICTION AND VENUE

6. Jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331 and 28 U.S.C. §1343.

7. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391.

8. At all times material hereto, Defendants, Abington Memorial Hospital, Inc. and Abington Jefferson Health, were "engaged in an industry effecting commerce" as defined in the Labor Management Relations Act, 29 U.S.C. 142 (1) and (3).

9. At all times material hereto, Defendants employed more than fifty (50) employees.

10. At all times material hereto, the above-referenced Defendants were deemed an "employer" as defined by the FMLA, 29 U.S.C. §2611.

11. Defendants, by and through their agents, servants and/or employees, aided and abetted the interference, discrimination and harassment that Plaintiff was subjected to during the course and scope of her employment.

12. At all times material hereto, Plaintiff was an "eligible employee" pursuant to the FMLA, 29 U.S.C. §2611 as Plaintiff was employed by the above-referenced Defendants for at least 12 months with respect to whom leave was requested under the FMLA, 29 U.S.C. §2601, *et seq.* and Plaintiff worked for at least 1,250 hours of service with such employer during the previous 12-month period.

## IV.  FACTUAL BACKGROUND

13. On or about January 6, 2021, Plaintiff was hired as a Psych Tech at a rate of $21.00 per hour with eligibility of $32.00 per hour for overtime.

14. At all times material hereto, Plaintiff performed all employment related services by and through the Psychiatric Department at the above-referenced Defendants and never had any change in job title during the course and scope of her employment.

15. At all times material hereto, Plaintiff's immediate supervisor was Kimberly Wisniewski.

16. At all times material hereto, all Defendants and their agents, servants and/or employees, were fully aware that Plaintiff requested benefits pursuant to the FMLA because of her need to care for her severely ill family member, namely her mother.

17. During the course of a meeting with Defendant Representative Wisniewski on September 2, 2022, Plaintiff advised Defendant Representative Wisniewski that she was requesting FMLA benefits so that she could care for her ailing mother.

18. Plaintiff was never offered and/or provided FMLA benefits after her conversation with Defendant Representative Wisniewski.

19. To the contrary, Plaintiff allegedly was reprimanded for bringing in too many personal belongings into the work place.

20. During the course of the September 2, 2022 conversation with her immediate supervisor, Plaintiff was told that she was receiving a counselling session by Defendant Representative Wisniewski and it would not be deemed a punitive measure against her employment. Plaintiff thereafter received communication outlining the FMLA process.

21. During the course and scope of said conversation, Plaintiff discussed the need for FMLA benefits and requested assistance from Defendant Supervisor Wisniewski on how to apply for same. Plaintiff was also assured no further discipline would be instituted.

22. Subsequent to this conversation with her immediate supervisor, Plaintiff was discharged on or about September 19, 2022 without having the full ability and capacity within which to assert and file the appropriate FMLA request.

23. Subsequent to her conversation with Defendant Representative Wisniewski, Plaintiff internally appealed her termination with Human Resources Representative Stephanie Brooks.

24. On September 30, 2022, Plaintiff answered all of Defendant Representative Brooks' questions regarding her appeal from termination of her employment and further advised Defendant Representative Brooks that she was initiating the FMLA process prior to her termination.

25. At all times relevant hereto, the conduct of the Defendants, by and through their individual representatives and/or agents, representatives, servants and/or employees, ostensibly

and otherwise, all acted to the severe and great detriment to Plaintiff and said violation of her rights under state and federal law.

26. Plaintiff was advised by Defendant Representative Brooks that she was terminated due to her continuing to bring in too many personal belongings into the work place and bringing food into the work place.

27. On October 26, 2022, Plaintiff received a letter from Defendant Representative Brooks advising that her termination was upheld due to the progressive policy of discipline at Defendants' work place with Plaintiff disallowed from any further appeal of said termination.

28. At all times material hereto, Plaintiff's immediate family member's serious health condition as defined by the FMLA, 29 U.S.C. §2611, should have been acknowledged, approved and accepted by the above-referenced Defendants and Plaintiff should have been afforded the ability to apply for same.

29. Defendants interfered with Plaintiff's rights under the FMLA as Defendants interfered with and/or denied Plaintiff's attempts to exercise her continuing rights under the FMLA by terminating her shortly after her request and application for FMLA benfits.

30. Defendants' discriminatory policy against Plaintiff for exercising and/or attempting to exercise her rights under the FMLA subjected Plaintiff to retaliation and termination as a sole result of said discriminatory conduct.

31. Defendants' reasons for disciplining and/or terminating Plaintiff were inconsistent and pretextual to obscure Plaintiff's discriminatory animus and purpose.

32. The conduct of Defendants and the treatment of Plaintiff in her employment, termination and retaliation violated the FMLA, 29 U.S.C. §2601, *et seq.*, as Plaintiff's discharge

and retaliation from employment was based solely on her need to provide health care assistance to her ailing mother.

WHEREFORE, Plaintiff, Kenia Murray, seeks a determination that Defendants violated the Family Medical Leave Act, 29 U.S.C. §2601, *et seq.* and requests all damages and relief permitted under the FMLA, including but not limited to: back pay and front pay; compensatory damages; equitable relief; retroactive relief; injunctive relief including but not limited to barring future discriminatory conduct; attorney's fees, expert fees, costs and expenses; and such further relief as this Court deems just and proper.

**Respectfully submitted,**

BY: _____
**MARC A. WEINBERG, ESQUIRE**
**Attorney for Plaintiff**
**P.A. I.D. 60643**
815 Greenwood Avenue, Suite 22
Jenkintown, PA 19046
215-576-0100
215-576-6288 (FAX)
mweinberg@saffwein.com

**Dated:**